## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:
TERRY L. KRAMER and                    Case No. 09-38449-DOT
CRISTINA V. GARCIA-KRAMER,
Debtors.                               Chapter 7

### MEMORANDUM OPINION AND ORDER

### Background.

Before the court is the objection of Keith L. Phillips, the chapter 7 trustee in this case, to exemptions claimed by debtors Terry L. Kramer and Cristina V. Garcia-Kramer. The court, with one exception, sustains the objection raised by the trustee.

Debtors filed a voluntary joint petition under chapter 7 of the Bankruptcy Code on December 30, 2009. Simultaneously with the filing of the chapter 7 bankruptcy petition, debtors filed their initial Schedule C, in which they claimed the contested exemptions. Debtors subsequently amended Schedule C of their petition on November 8, 2010. On December 7, 2010, the trustee filed an objection to the debtors' claim of exemptions, to which debtors filed a response requesting that the court overrule the objection. In addition, on December 20, 2010, debtors filed a motion to compel the trustee to abandon allegedly exempt property of the estate. Attached to the motion was a lengthy list of personal property claimed to be exempt in whole or in part.

On December 29, 2010, the trustee filed a motion to sell the personal property previously listed by debtors as exempt. The trustee also filed an objection to the debtors' motion to compel abandonment. A hearing on the objection to exemptions, the motion to compel abandonment and the motion to sell was held on February 2, 2011. After hearing

1

the argument of the parties, the court took the matter of debtors' claimed exemptions under advisement and deferred ruling on the other two motions until the issue of exemptions had been decided. Subsequently, the parties resolved the motions to sell and to compel abandonment, leaving the trustee's objection to debtors' exemptions the only issue before the court.

The contested exemptions were claimed by debtors under Va. Code § 34-26(4a). Section 34-26(4a) is a subsection of Virginia Code § 34-26, which is generally referred to as the "poor debtor's exemptions." The initial Schedule C listed the property as "Household Goods and Furnishings – 1 lot household goods and furnishings under attached listed [sic] titled Kramer House Inventory 11794 Kings Pond Dr. Providence Forge, VA 23140" and valued the claimed exemption at $10,000.00. No itemized list was attached. Debtors amended Schedule C on November 8, 2010, to attach the omitted list and claim an exempt value for each item. There were eleven pages of exempted items listed.

The trustee's objection to the § 34-26(4a) exemption was threefold: (1) debtors were improperly claiming as exempt luxury items that did not satisfy the requirements of the statute, (2) debtors were improperly claiming that certain items were exempt by virtue of their inclusion in a prior bankruptcy case, and (3) debtors were not claiming entire items as exempt but rather were claiming a fraction of the value of each item. Debtors responded by saying that they were not claiming more than the total of the $10,000.00 lifetime exemption in the personal property and that the trustee's objection was untimely.

**Discussion and Conclusions.**

The issues raised by the debtors' response to the trustee's objections are resolved by two Supreme Court cases. In *Schwab v. Reilly*, 130 S. Ct. 2652 (2010), the Supreme Court held that when the amount of a claimed exemption is within the statutory limit, "an interested party need not object to an exemption claimed in this manner in order to preserve the estate's ability to recover value in the asset beyond the dollar value the debtor expressly declared exempt." *Id*. at 2657. The Supreme Court's holding is consistent with a long standing ruling in this district limiting a debtor's homestead exemption (within the limits of the exemption) to the precise amount claimed regardless of the trustee's failure to object.  *See Addison v. Reavis*, 158 B.R. 53 (E.D. Va. 1993), *aff'd* 32 F.3d 562 (4th Cir. 1994). For a recent decision applying *Schwab v. Reilly* to Virginia exemption law, see Judge St. John's opinion in *In re Stoney*, 445 B.R. 543 (Bankr. E.D. Va. 2011).

The other Supreme Court case applicable here is *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), which held that a trustee's failure to object to a claim of exemption within the time prescribed in Rule 4003 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 4003, resulted in the exclusion of the asset from the estate, even if the exemption was improper or for more than allowed under the exemption statute.

In the present case, debtors by their amendment have claimed the poor debtor exemption in amounts less than allowed by § 34-26(4a). The trustee was therefore not required to object to the valuation of debtors' exemption in their initial Schedule C. *Schwab v. Reilly*, 130 S. Ct. at 2657. The trustee has now objected to debtors' amended claim of exemption, which serves as notice to debtors that the assets may be liquidated.

The objection was timely under Rule 4003(b), which allows objections to amended claims of exemptions within 30 days of the filing of the amendment. Fed. R. Bankr. P. 4003(b)(1). This ruling is directly on point with Judge Doumar's decision in *Addison v. Reavis*. The debtors are, of course, entitled to the exemptions in the amounts claimed.

There is another facet to the timeliness issue. In his objection to exemption, the trustee argued that some of the assets were luxury items that may not be claimed under § 34-26. Debtors' assertion that this objection should have been made within 30 days of the initial claim of exemption is correct. To the extent that the trustee objects to the exemption on this basis, the objection will be overruled in accordance with the Supreme Court's holding in *Taylor v. Freeland & Kronz.* However, the trustee's objection based on valuation of these items remains a viable objection.

In summary, debtors' untimeliness argument is rejected because the claim for these exemptions was first made in the November 8, 2010, in debtors' amended Schedule C, and the trustee's December 7, 2010, objection was thus timely under Rule 4003(b)(1). Additionally, the objection was timely as to value in accordance with the discussion above. However, the objection as to luxury items was untimely, and the trustee's objection, to the extent that it relies on that argument, will be overruled.

Debtors also have attempted to argue that certain items were exempt by virtue of their inclusion in a prior bankruptcy case. The only authority cited by debtors in support of the continuing viability of their earlier claims of exemption is Bankruptcy Code § 554(c), which provides that assets scheduled in a petition and not administered are abandoned when the case is closed. The court finds no merit in the position that the previous abandonments of debtors' assets remain in place in this case. Cases cited by

4

debtors to the effect that a case may not be reopened for the purpose of a trustee's selling an abandoned asset are way off the mark and scarcely applicable when a new bankruptcy case is filed years later. Bankruptcy Code § 541(a) provides that upon commencement of a case, a debtor's estate consists of all legal or equitable interests of the debtor in property. Exceptions to this general rule, found in § 541(b), do not include property abandoned in a previous bankruptcy case.

Debtors have not cited and the court has been unable to conclude that there is Virginia law that would support the continuation of exemptions claimed by debtors in their previous bankruptcy cases. Therefore,

IT IS ORDERED that the objection to exemptions claimed by debtors Terry L. Kramer and Cristina V. Garcia-Kramer pursuant to Va. Code § 34-26(4a) is SUSTAINED in all aspects except that the trustee's objection to debtors' exemptions based upon their classification as "luxury" items is OVERRULED as untimely.

Signed _____

                                      /s/Douglas O. Tice Jr.
                                      Chief Judge
                                        United States Bankruptcy Court
                                        Eastern District of Virginia

Copies to:

Terry L. Kramer
Cristina V. Garcia-Kramer
5003 Kings Pond Court
Providence Forge, VA 23140
*Debtors*

5

Robert V. Roussos
Roussos, Lassiter, Glanzer & Barnhart
P.O. Box 3127
Norfolk, VA 23514
*Attorney for debtors*

Keith L. Phillips
311 South Boulevard
Richmond, VA 23220
*Chapter 7 trustee*

Kimberly A. Pierro
Kutak Rock LLP
1111 E. Main St., Suite 800
Richmond, VA 23219-3500
*Attorney for chapter 7 trustee.*